GOETHE-HOWELL LUMBER COMPANY, a Corporation, *Plaintiff in Error,* v. GEORGE L. STOKES, *Defendant in Error.*

Division B.

Opinion filed April 23, 1930.

*Joe Hill Williams,* for Plaintiff in Error;

*Floyd Green* and *Knight & Knight,* for Defendant in Error.

BUFORD, J.—This was a suit by Stokes against Goethe-Howell Lumber Company, a corporation, for damages al-

leged by reason of personal injuries received caused by the explosion of a throttle valve on a steam boiler.

The plaintiff was the employee and servant of the defendant in the operation of a saw-mill for which the boiler involved in this case was used to operate.

There are a number of assignments of error only one of which it will be needful for us to discuss.

The twenty-third assignment of error is based upon the action of the court in charging the jury as follows:

"If you find from the evidence the plaintiff, George L. Stokes, was at fault, and that the defendant, was also at fault as regards the happening of the injuries alleged, if you believe from the evidence there was such injury, and if you should further find that the plaintiff, George L. Stokes, was injured by reason of such combined fault of the plaintiff, George L. Stokes, and defendant, and you do not find for the defendant upon its plea to the declaration in bar of this action as alleged in said declaration, then you should find in favor of the plaintiff, but you should, in that case, diminish the amount of damages in proportion to the amount of fault attributable to the plaintiff, George L. Stokes."

This charge was erroneous in this case and appears to have been given upon the theory that the defendant came within the purview of Sections 4971 to 4974, Rev. Gen. Stats., Sections 7058 to 7061, Comp. Gen. Laws 1927. The common law doctrine of contributory negligence, except in the case of employees of railroad companies and persons injured in certain other hazardous occupations named in the statute, is in force in this State and where an employee is guilty of negligence which contributes proximately to his injury he can not hold the master liable for such in-

jury unless his employment is by the master while engaged in one of the hazardous occupations which are eliminated from the rule by the statute. Atlas Dredging Company v. Mitchell, 74 Fla. 307, 77 So. R. 542.

When we take into consideration the evidence in this case as disclosed by the record showing the nature of the injury and the extent of the damage to plaintiff, together with the verdict of the jury, we can but assume that in determining the amount of the verdict the jury was guided by that part of the charge of the court above quoted and that thereby such error in giving such charge resulted in injury to the plaintiff in error.

For the reasons stated the judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.